1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

13   COLIN R. CROSS, individually, and as                )   Case No. 13-CV-837-L(MDD)
     successor in interest to RONDA CROSS,               )
14   deceased pursuant to Code of Civil                  )   **ORDER GRANTING MOTION FOR**
     Procedure 337.30,                                   )   **LEAVE TO FILE FIRST AMENDED**
15                                                       )   **COMPLAINT [DOC. 11]**
                              Plaintiff,                 )
16   v.                                                  )
                                                         )
17   PADI AMERICA'S INC., *et. al.*,                     )
                                                         )
18                            Defendants.                )
                                                         )

19          On February 21, 2013, Plaintiff Colin R. Cross commenced this action against

20   Defendants PADI America's Inc. ("PADI"), Wyndham Hotels and Resorts, LLC ("Wyndham"),

21   and Sunshine Dive and Charter ("Sunshine").  Thereafter, PADI removed the action to this

22   Court.  Plaintiff now moves for leave to file a First Amended Complaint ("FAC") under Federal

23   Rule of Civil Procedure 15(a)(2).  PADI is the only defendant opposing this motion.

24          The Court found this motion suitable for determination on the papers submitted and

25   without oral argument.  *See* Civ. L.R. 7.1(d.1).  (Doc. 21.)  For the following reasons, the Court

26   **GRANTS** Plaintiff's motion for leave to file a FAC.

27   //

28   //

13cv837

# I.   BACKGROUND

Plaintiff, a resident of British Colombia, Canada, was the husband of Ronda Cross, deceased.  (Compl. ¶ 2.)  PADI[1] is incorporated and headquartered in Rancho Santa Margarita, California.  (*Id*. ¶ 9.)  PADI promulgates rules, standards, and certification of divers, diving equipment, dive masters, dive instructors, and diving equipment maintenance throughout the world.  (*Id*.)

On March 3, 2012, Ronda Cross and her cousin, Roxanne Cross, both PADI-certified divers, went diving while on vacation in Cabo San Lucas, Baja California Sur, Mexico.  (*Id*. ¶¶ 11–13.)  Ronda Cross and her cousin allegedly hired a dive master to accompany them on their dive from Conquest Divers of Cabo San Lucas.  (*Id*. ¶ 12.)  Plaintiff alleges that air tanks that were used by his wife on her ill-fated dive were filled by Sunshine, at the request of Conquest Divers.  (*Id*.)

During their dive, Roxanne Cross began to have difficulties with her dive mask and surfaced with the aid of the PADI-certified divemaster, allegedly leaving Ronda underwater alone.  (Compl. ¶ 14.)  Plaintiff states that this is contrary to PADI protocol, and believes that neither the dive master nor the tank filler had PADI training as was advertised.  (*Id*. ¶ 14.)  Left alone underwater, Ronda Cross asphyxiated and died on March 3, 2012.  (*Id*.)  Plaintiff alleges that the air tank filled by Defendant Sunshine was "negligently and carelessly filled and maintained so as to allow dangerous and toxic substances to be in Ronda Cross' air tank."  (*Id*.)  He also adds that Sunshine is a tenant of Wyndham's Cabo San Lucas resort, and Wyndham recommended Sunshine's services to the public and, in particular, Ronda Cross.  (*Id*. ¶ 15.)

In his complaint, Plaintiff asserts five causes of action: (1) negligence against PADI; (2) loss of consortium against PADI; (3) negligence against Sunshine; (4) negligence against Wyndham; and (5) "Personal Injuries."  Since the filing of his complaint, Plaintiff has discovered additional information leading him to request leave to file an amended complaint. Plaintiff's proposed FAC adds an Unfair Business Practices cause of action against PADI and

---

[1] PADI is an acronym that stands for "Professional Association of Diving Instructors."

Wyndham, and additional factual allegations.

At the time Plaintiff filed his complaint, his counsel did not know the true ownership of Wyndham. Plaintiff's counsel discovered a franchising relationship between Wyndham and the proposed new defendants AMX Baja Holdings and Steadfast Companies. As a result, he seeks to add AMX Baja Holdings and Steadfast Companies as defendants to the action, in addition to his new factual allegations. Because PADI is the only defendant opposing, Plaintiff's counsel contacted PADI's counsel to obtain PADI's written consent to the amendment. PADI did not consent. Consequently, Plaintiff now moves for leave to file an amended complaint to add parties for their role as franchisees of Wyndham.

## II.    LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," and apply this policy with "extreme liberality." *Id.*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend is not to be granted automatically. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

The Court considers five factors in assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing amendment bears the burden of showing any of the factors above. *See DCD Programs*, 833 F.2d at 186. Of these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, absent prejudice, a strong showing of the other factors may support denying leave to amend. *See id.*

13cv837

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Futility is a measure of the amendment's legal sufficiency. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Thus, the test of futility is identical to the one applied when considering challenges under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978); *see Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend . . . where the amended complaint would be subject to dismissal." (citation omitted)).

## III.   DISCUSSION

PADI bases its opposition on two grounds: (1) "Plaintiff is suing and seeks leave to sue the wrong parties," and (2) "the proposed 'FAC' fails to state a cause of action." (Def.'s Opp'n 4:12–6:6 [Doc. 18].) Plaintiff responds that he is "puzzled at the contents of PADI's opposition." (Pl.'s Reply 3:2.) The Court is similarly perplexed. PADI argues in its scant six-page opposition brief that Plaintiff did not offer evidence to support his request to file the proposed FAC and that he did not sufficiently establish that there was a relationship between Wyndham and the parties that he seeks to add. However, PADI wholly misses the point.

To begin, PADI, as the opposing party bears the burden of showing the factors in assessing the motion for leave to amend. *See DCD Programs*, 833 F.2d at 186. The Court notes that there is not a single reference in PADI's opposition to any of the five factors that courts consider in assessing a motion for leave to amend. *See Johnson*, 356 F.3d at 1077. Moreover, PADI should familiarize itself with the Federal Rules of Civil Procedure and relevant case law before attempting to attack, in their words, "[Plaintiff's] poorly drafted . . . complaints," given that it appears to be confused about what its burden is. (Def.'s Opp'n 5:7–8.) Instead of showing why the factors weigh against granting leave, PADI attempts to shift the burden of showing why amendment should be granted back to Plaintiff. That is a flagrant

1    misunderstanding of the law.  *See DCD Programs*, 833 F.2d at 186.

2          Instead of challenging the allegations in Plaintiff's proposed FAC or demonstrating any

3    of the *Foman* factors, PADI argues in a single paragraph that Plaintiff failed to state a cause of

4    action.  The Court presumes that PADI is attempting to argue futility in this paragraph, but the

5    word "futility" is not actually used.  Futility can be a dispositive issue when considering whether

6    to grant leave to amend.  *See Bonin*, 59 F.3d at 845.  The test for futility is identical to the one

7    applied when considering challenges under Rule 12(b)(6).  *See Baker*, 451 F. Supp. at 89.  But

8    PADI spends most of its short argument on what Plaintiff should have argued, rather than what

9    is actually stated in the proposed FAC.  Furthermore, PADI's analysis about the sufficiency of

10   Plaintiff's proposed FAC is non-existent.  Simply asserting that the proposed FAC does not state

11   a cause of action does not make it true.  Consequently, PADI fails to sufficiently show that

12   Plaintiff's proposed amendment would be futile.  *See Forman*, 371 U.S. at 182.

13         PADI's single page argument fails to show prejudice, futility, or any other relevant factor

14   to any degree.  *See DCD Programs*, 833 F.2d at 187 ("The party opposing amendment bears the

15   burden of showing prejudice.").  PADI's meager opposition brief at best provides a disingenuous

16   attempt to oppose Plaintiff's motion.  There is no actual dispute regarding the contents of the

17   proposed FAC, only nonsensical conclusions that Plaintiff failed to meet an inapplicable and

18   unsupported evidentiary standard as well as sufficiently state a cause of action.  Justice compels

19   the Court to allow amendment in order to add AMX Baja Holdings and Steadfast Companies as

20   parties that are potentially liable for their connection to Ronda Cross' untimely death.  *See* Fed.

21   R. Civ. P. 15(a)(2).

22   //

23   //

24   //

25   //

26   //

27   //

28   //

13cv837

**IV.     CONCLUSION & ORDER**

In light of the foregoing, the Court **GRANTS** Plaintiff's motion for leave to file a FAC. (Doc. 11.)  Accordingly, Plaintiff shall file his FAC by **June 19, 2013**.

**IT IS SO ORDERED.**

DATED: June 14, 2012

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

6

13cv837