UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN R. CROSS, | Case No. 13-cv-837-L(MDD) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND DEFENDANTS' COUNTERCLAIM FOR SANCTIONS [DOC. 76-1.]** |
| v. | |
| PADI AMERICA'S INC., *et al.*, | |
| Defendants. | |

On July 30, 2013, Defendants moved to dismiss this matter under the doctrine of *forum non conveniens*. (*MTD* [Doc. 46-1].) On March 6, 2014, the Court denied Defendants' motion, holding that Defendants failed to meet their burden that Mexico provides an adequate alternative forum to this Court. (*Order Denying MTD* [Doc. 75] 6.) On March 17, 2014, Plaintiff Colin Cross ("Cross") filed the pending motion for sanctions.

In his motion, argues that if Defendants Wyndham and AMC Baja Holdings ("Wyndham Defendants") had done any investigation prior to the filing of their motion to dismiss for *forum non conveniens*, they would have realized that their motion was improper. (*Pl.'s Mot*. 7, 11.) Essentially, Cross suggests that Defendants' motion was improper because, contrary to Wyndham's assertions, Defendants Steadfast, AMX, and Wyndham are all American companies. Wyndham opposes, arguing that (1) Cross's motion is improper under Rule 11, (2) Wyndham's motion was grounded in fact and warranted by law, and that (3) the instant motion is frivolous

and sanctionable under Rule 11.  (*See generally Opp'n*.)

Rule 11 imposes a duty on attorneys to certify by their signature that (1) they have read the pleadings or the motions they file and (2) the pleading or motion is "well-grounded in fact," has a colorable basis in law, and is not filed for an improper purpose. Fed.R.Civ.P. 11; *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir.1994).  Counsel, of course, may not avoid "the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head." *Ricks*, 31 F.3d at 1488 (quoting *Zuniga v. United Can Co.*, 812 F.2d 443, 452 (9th Cir.1987)).

Even if Cross's claims are true and Wyndham Defendants are American entities, this does not establish that their motion to dismiss for *forum non conveniens* did not have "a colorable basis in law" nor does it establish that it was filed for "an improper purpose."  Cross fails to explain how, even if the Wyndham Defendants are citizens of the United States, that their motion had no colorable basis in law.  Indeed, Cross fails to address this "colorable basis" test anywhere in his motion.  Further, Cross fails to explicitly articulate what "improper purpose" Defendants had when they filed the motion.  In fact, the Court denied the motion for reasons completely unrelated to the Wyndham Defendants citizenship.  Indeed, a defendant's citizenship would only be one factor affecting the Court's calculus if it were to consider "whether the balance of private and public factors favors dismissal" for *forum non conveniens*. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001).  Therefore, the Court finds that Cross fails to establish that the motion had no "colorable basis in law" and that it was filed for "an improper purpose."

Instead of addressing these Rule 11 requirements, Cross's appears to argue that Defendants motion was not "well-grounded in fact."[1]  In an attempt to establish that the motion was not "well-grounded in fact," he suggests that he "was able to obtain documents refuting the contentions of Defendants Wyndham, AMX, and Steadfast's Motion to Dismiss for Forum Non Conveniens" and that "Defendant's counsel could have done the same." (*Pl.'s Mot.* 6.)

---

[1] Again, Cross fails to address this issue explicitly.  However, the Court construes his argument to address this prong of the Rule 11 test.

However, Cross fails to provide the Court with these "documents" or any evidence to support this claim. It appears that he intended to do so, but failed to file any of the purported evidence. (*See Exhibits* [Doc. 76-3] 1-2.) Upon review of Cross's "Exhibits," it appears that none of his evidence was attached. Therefore, Cross has failed to establish that the motion was not "well-grounded in fact."

In light of the foregoing, the Court **DENIES** Plaintiff's motion for sanctions. "[T]he central purpose of Rule 11 is to deter baseless filings in district court," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Even if Cross could establish that Defendants attorneys knew their clients were United States citizens when they filed their motion, their motion still would not have been baseless, as explained above. Therefore, this denial is made **WITH PREJUDICE**. The Court, under its discretion, also **DENIES WITH PREJUDICE** Defendants' counterclaim for sanctions.

**IT IS SO ORDERED.**

DATED: June 11, 2014

_____
M. James Lorenz
United States District Court Judge